UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINHONG XIAO,<br><br>        Petitioner,<br>   v.<br><br>JUDITH ALMODOVAR, in her official capacity as Field Office Director of Enforcement and Removal Operations, New York City, Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>        Respondents. | 26-CV-239<br><br>MEMORANDUM<br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

On January 12, 2026, Petitioner Jinhong Xiao, a Chinese national who entered the United States on June 27, 2023, was re-detained by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 5 ("Am. Pet.") ¶ 16, Ex. B ("Notice to Appear"). After his initial detention at the border, Mr. Xiao was subsequently released into the country on his own recognizance, on the condition that he must report for immigration hearings, surrender for removal if so ordered, and refrain from violating any laws. Dkt. No. 7 ("ICE Decl.") ¶ 5, Ex. C ("Order of Release on Recognizance"). The Government has not asserted that Mr. Xiao violated any of these conditions. Upon reporting for a scheduled check-in at 26 Federal Plaza on January 12, 2026, however, he was detained by ICE. ICE Decl. ¶¶ 8–10. He subsequently filed a petition for a writ of habeas corpus seeking immediate release from custody. On January 16, 2026, the Government filed its response, acknowledging that this Court's decision in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) is "materially indistinguishable" from this case and "control[s] the result"

for Mr. Xiao. *See* Dkt. No. 6 ("Gov. Br.") at 3.

The Court agrees. The circumstances of Mr. Xiao's detention are materially indistinguishable from those considered by this Court in *Rivera Esperanza v. Francis*, No. 25-CV-8727 (RA), 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025). In *Rivera Esperanza*, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

The Court reaches the same conclusions here: Mr. Xiao's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court thus grants the Petition and orders Mr. Xiao's release from custody within 24 hours of the date of this Order.

Mr. Xiao also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Am. Pet. at 23. Mr. Xiao may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within thirty days of final judgment in this action.

For the reasons stated above, Mr. Xiao's Amended Petition is granted. The Government is ordered to transport Mr. Xiao back to the Southern District of New York within 24 hours of the date of this Order, and immediately upon effectuating his transfer, release him from custody. It

2

shall further certify compliance with the Court's order by promptly filing it on the docket.

SO ORDERED.

Dated:   January 20, 2026
         New York, New York

_____
Ronnie Abrams
United States District Judge